UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MONTALVO,

    Petitioner,

v.                                            Case No. 8:23-cv-02262-AAS

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Defendant Commissioner of Social Security (the Commissioner) moves to dismiss Petitioner David Montalvo's Petition for Writ of Mandamus. (Doc. 13). Mr. Montalvo's opposes the Commissioner's motion to dismiss and moves for summary judgment. (Doc. 15). The Commissioner opposes Mr. Montalvo's motion for summary judgment. (Doc. 17).

## I. BACKGROUND

Mr. Montalvo filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 5, 2021. (Doc. 17-1, ¶ 4). Mr. Montalvo's applications were denied by Disability Determination Services

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

1

on August 19, 2022. (*Id.*, ¶ 5). Mr. Montalvo's applications are pending a medical review and reconsideration determination. (*Id.*, ¶ 7). On October 5, 2023, Mr. Montalvo petitioned for extraordinary relief of a Writ of Mandamus. (Doc. 1). Specifically, Mr. Montalvo requests an order compelling the Social Security Administration to make a disability determination or demonstrate it is actively working on making a disability determination. (*Id.*, p. 1).

The Commissioner moves to dismiss Mr. Montalvo's petition because he failed to exhaust his administrative remedies, and he has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g). (Docs. 13). Mr. Montalvo responds there has been an unreasonable delay in the adjudication of his disability applications, and requests summary judgment in his favor. (Doc. 15). The Commissioner opposes Mr. Montalvo's motion for summary judgment for the reasons raised in the motion to dismiss. (Doc. 17).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard does not require detailed factual allegations, "but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim on which relief can be granted. A party should generally raise a failure to exhaust administrative remedies through a Rule 12(b)(6) motion. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008). When considering a motion to dismiss for failure to exhaust administrative remedies, a court may consider facts outside the pleadings and resolve factual disputes if deciding any factual dispute does not decide the merits of the action and the parties can develop the record. *Id.* at 1376.

An order granting summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.   ANALYSIS

42 U.S.C. §§ 405(g) and (h) authorize judicial review in cases arising under title II of the Social Security Act the Act. Section 405(g) provides:

3

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No findings of fact or decisions of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Thus, in claims arising under the Social Security Act, judicial review is permitted under section 405(g).

42 U.S.C. § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Judicial review under section 405(g) requires exhaustion and a "final decision of the Commissioner," 42 U.S.C. § 405(g), and the Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a).

The final step of the review process required to obtain a final decision reviewable by a federal court is to request review of the ALJ's decision by the Appeals Council. *Id.*; *Smith*, 139 S. Ct. at 1772.

Judicial review of determinations by the Social Security Administration are limited to "final decisions" under 42 U.S.C. § 405(g). *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10(2000) ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)."). Final decisions under Social Security Administration regulations arise after a claimant completes a four-step administrative process: (1) an initial determination of benefits, (2) a reconsideration upon request by the claimant, (3) an appeal of the reconsideration through a hearing before an administrative law judge, and (4) a review by the Appeals Council. *See* 20 C.F.R. § 404.900(a).

Mr. Montalvo's DIB and SSI applications are pending a medical review and reconsideration determination, as the agency continues to gather medical and other evidence to adjudicate Mr. Montalvo's applications. (Doc. 13-1, ¶ 7). As recent as December 2023, Mr. Montalvo requested that the agency obtain additional medical evidence to consider in evaluating his claim for disability benefits. (*See* Doc. 17-1). The agency has not yet made a reconsideration determination, nor a final decision, on Mr. Montalvo's applications for benefits. Thus, Mr. Montalvo is not entitled to judicial review under 42 U.S.C. § 405(g).

5

*See Bello v. Comm'r of Soc. Sec.*, 460 F. App'x. 837, 839 (11th Cir. 2012) (affirming dismissal for lack of subject matter jurisdiction and stating that a "district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only after any final decision of the Commissioner of Social Security made after hearing.").

42 U.S.C. § 405(b) does not provide a time by which the Social Security Administration must respond to a request for reconsideration. *See Zachery-Holt v. Kijakazi*, No. 8:22-cv-2506-AAS, 2023 WL 4931215, at *3 (M.D. Fla. May 22, 2023) report and recommendation adopted sub nom. *Zachery-Holt v. Comm'r of Soc. Sec.,* No. 8:22-CV-2506-MSS-AAS, 2023 WL 4931170 (M.D. Fla. June 15, 2023). Because Mr. Montalvo is not appealing a final decision by the Commissioner, his claim is controlled by "the principle that the judiciary cannot impose timetables for the Social Security Administration to complete its duties when Congress has not explicitly laid out timetables in the pertinent statute." *Dokic-Vukojevic v. Colvin*, No. 15-80044-CIV, 2015 WL 7566688, at *5 (S.D. Fla. Oct. 26, 2015); *see also Heckler v. Day*, 467 U.S. 104, 110 (1984) ("the legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process."); *Zachery-Holt,* 2023 WL 4931215, at *3 ("Because neither the applicable statutes nor the implementing regulations create a

mandatory, nondiscretionary duty to render a decision within any particular time frame, there is no basis for mandamus relief.") (citation omitted).

Mr. Montalvo cites the Federal Circuit's jurisprudence to support his argument that when delay is alleged as the basis for a petition for a Writ of Mandamus, the overarching inquiry is "whether the agency's delay is so egregious as to warrant mandamus." *See Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir. 2018). Although the court need not apply this standard, even under the Federal Circuit's precedent, Mr. Montalvo's claim fails. Indeed, Mr. Montalvo states in his motion that "the Court need not find impropriety on the part of the agency and instead need only find that a delay is unreasonable." (Doc. 15, p. 6).

Mr. Montalvo failed to exhaust his administrative remedies by obtaining a reconsideration decision. The exhaustion of administrative remedies requirement may, in certain rare circumstances, be excused. *Smith*, 139 S. Ct. at 1773. To justify excusing the exhaustion requirement, a plaintiff must demonstrate that three factors: (1) the claims in the lawsuit are collateral to claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced against them; and (3) exhaustion would have been futile. *Bowen v. City of New York,* 476 U.S. 467, 483–85 (1986). Mr. Montalvo failed to show that a crucial collateral claim would have been lost

and he would have suffered irreparable injuries if required to exhaust administrative remedies, and he showed no other reason excusing exhaustion.

Finally, Mr. Montalvo failed to establish he is entitled to mandamus relief. Mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003). Mandamus relief is thus only available "when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Id.* at 1258. As discussed, Mr. Montalvo failed to establish he received a reconsideration determination for which there is administrative or judicial review. In addition, Mr. Montalvo failed to demonstrate the reconsideration adjudication of his applications for benefits must be made within the period elapsed. Thus, Mr. Montalvo is not entitled to mandamus relief.

Mr. Montalvo failed to exhaust his administrative remedies because he did not complete the administrative appeals process and has not received a final decision from the Commissioner. In addition, Mr. Montalvo failed to establish he is entitled to relief under the Mandamus Act. Thus, Mr. Montalvo is not entitled to summary judgment in his favor and his petition for Writ of Mandamus is due to be dismissed.

## III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) The Commissioner's Motion to Dismiss (Doc. 13) is **GRANTED**. Mr. Montalvo's Petition for Writ of Mandamus (Doc. 1) is **DISMISSED without prejudice**. *See Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (dismissing the petitioner's claims "without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate").

(2) Mr. Montalvo's motion for summary judgment (Doc. 15) is **DENIED**.

(3) The Clerk of Court be directed to enter final judgment for the Commissioner and close the case.

**ENTERED** in Tampa, Florida on February 21, 2024.

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge